

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,168-02

### EX PARTE TOMMY TAYLOR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 631602-A IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of possession of a controlled substance and sentenced to twenty years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. His direct appeal was dismissed for want of jurisdiction because the notice of appeal was filed untimely. *Taylor v. State*, No. 01-94-01266-CR (Tex. App.—Houston [1st Dist] Dec. 29, 1994).

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. Based on the record, the trial court has found that counsel failed to timely file a notice of appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*,

98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number 631602 from the 179th District Court of Harris County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:    MARCH 08, 2023
Do not publish